IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-103-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JAMES ALLEN HAMMONDS, III, | ) | |
| | ) | |
| Defendant. | ) | |

On June 25, 2024, James Allen Hammonds, III ("Hammonds" or "defendant"), moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 821 of the United States Sentencing Guidelines ("Amendment 821") [D.E. 112, 113]. On July 15, 2024, probation filed a report concerning Hammonds's motion for a sentence reduction [D.E. 115]. In that report, the United States opposed Hammonds's motion [D.E. 115-1], and Hammonds asked the court to reduce his sentence on counts one and two from 48 months' imprisonment to 43 months' imprisonment [D.E. 115-2]. On December 19, 2024, Hammonds, proceeding pro se, filed a motion for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 116]. As explained below, the court denies Hammonds's motion for a sentence reduction and his motion for compassionate release.

I.

On January 11, 2021, with a written plea agreement, Hammonds pleaded guilty to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base (crack) (count one), possession with intent to distribute a quantity of cocaine, oxycodone, and marijuana (count two), and possession of a firearm in

furtherance of a drug trafficking crime (count three). See [D.E. 50, 52]. On August 24, 2022, the court held Hammonds's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 110] 4–5; PSR [D.E. 63]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Hammonds's total offense level to be 29, his criminal history category to be IV, and his advisory guideline range to be 121 to 151 months' imprisonment on counts one and two and five years' consecutive imprisonment on count three. See Sent. Tr. 5. The court granted the government's downward departure motion. See id. at 5–6. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Hammonds to 48 months' concurrent imprisonment on counts one and two and 60 months' consecutive imprisonment on count three for a total of 108 months' imprisonment. See id. at 5–21; [D.E. 108] 3.

II.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by changes to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); see United States v. Barrett, 133 F.4th 280, 282–83 (4th Cir. 2025); United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019); United States v. Williams, 808 F.3d 253, 257–58 (4th Cir. 2015). A sentence reduction under 18 U.S.C. § 3582(c)(2) must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(2); Williams, 808 F.3d at 257. The Sentencing Commission policy statement in U.S.S.G. § 1B1.10 applies to section 3582(c)(2) proceedings. See Dillon v. United States, 560 U.S. 817, 819, 821 (2010); Martin, 916 F.3d at 396; Williams, 808 F.3d at 258.

The sentencing court follows a two-step inquiry when reviewing motions for sentence

2

reductions under section 3582(c)(2). See Dillon, 560 U.S. at 826–27; Martin, 916 F.3d at 396; Williams, 808 F.3d at 258. First, the sentencing court must review the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Williams, 808 F.3d at 257–58 (cleaned up). At this step, section 1B1.10 requires the court to begin by "determining the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." Dillon, 560 U.S. at 827 (cleaned up). If the court determines that the defendant is eligible for a sentence reduction, "the court moves to the second step and determines the extent of the reduction." Williams, 808 F.3d at 258. At step two, section 3582(c)(2) "instructs a court to consider any applicable [section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827; see, e.g., United States v. Navarro-Melendez, No. 1:18-CR-91, 2024 WL 1722524, at *1 (W.D.N.C. Apr. 22, 2024) (unpublished), aff'd, No. 24-6627, 2024 WL 4579416 (4th Cir. Oct. 25, 2024) (per curiam) (unpublished); United States v. Pledger, No. 2:12-CR-23, 2017 WL 3495723, at *1–2 (E.D.N.C. Aug. 14, 2017) (unpublished).

In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81, 490 (2011); United States v. Moody, 115 F.4th 304, 315–16 (4th Cir. 2024); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v.

3

High, 997 F.3d 181, 187–91 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (per curiam); United States v. McDonald, 986 F.3d 402, 410–12 (4th Cir. 2021); Martin, 916 F.3d at 395–98.

Hammonds seeks a sentence reduction under Amendment 821 Part A. See [D.E. 112] 1; [D.E. 115-2] 1. Amendment 821 Part A, which became effective on November 1, 2023, amended Chapter Four of the Sentencing Guidelines by striking the old section 4A1.1(d). See U.S.S.G. app. C, amend. 821. Before Amendment 821, section 4A1.1(d) added two status points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Id. § 4A1.1(d) (2021). Section 1B1.10 authorizes a court to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) using Amendment 821. See id. § 1B1.10(d); Barrett, 133 F.4th at 282–83.

At step one, the court calculates Hammonds's new advisory guideline range to be 108 to 135 months' imprisonment based on a total offense level 29 and a criminal history category III. See [D.E. 115] 1. Hammonds was a criminal history category IV. See id. In accordance with Amendment 821 Part A, the court removes the two status points assessed under U.S.S.G. § 4A1.1(d) for a defendant who committed his offenses while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status if a defendant has six or fewer points under U.S.S.G. § 4A1.1(a)–(d). Thus, Hammonds is a criminal history category III. See [D.E. 115] 1.

At step two, the court has reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 490–93; Moody, 115 F.4th at 315–16; Davis, 99 F.4th at

4

659; Smith, 75 F.4th at 464–66; United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023); United States v. Swain, 49 F.4th 398, 402 (4th Cir. 2022); United States v. Chambers, 956 F.3d 667, 671–75 (4th Cir. 2020), abrogated on other grounds by Concepcion v. United States, 597 U.S. 481 (2022); United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished).

The section 3553(a) factors counsel against reducing Hammonds's sentence. Hammonds is 36 years old and engaged in serious criminal conduct. See PSR ¶¶ 9–12. On August 19, 2017, law enforcement conducted a traffic stop of Hammonds in Pembroke, North Carolina. See id. at ¶ 9. When officers approached the vehicle, they noticed a strong marijuana odor. See id. Their search of the vehicle revealed 9.88 grams of marijuana in the driver's side door and a set of digital scales with cocaine residue. See id. Hammonds then told the officers that he had a rifle in his bedroom, consented to search of his residence, and provided a written statement admitting ownership of items in the residence. See id. From that residence, officers recovered two sets of digital scales, a .45 caliber semiautomatic rifle, a stolen AR-15 style rifle loaded with a near-full 30-round magazine, 159 oxycodone pills, 10 milligrams of hydrocodone, multiple empty firearm magazines, and 2.66 grams of cocaine. See id.

On December 6, 2019, law enforcement arrested Hammonds on an outstanding federal warrant related to the August 2017 residence search. See id. at ¶ 10. During an unprotected interview, Hammonds admitted to purchasing the guns found in the residence. See id. Hammonds also admitted that he began selling cocaine after completing post-release supervision in January 2014. See id. From 2014 to 2017, Hammonds daily sold one ounce of cocaine base and one ounce of cocaine. See id. From 2017 to 2019, Hammonds weekly purchased 3.5 grams of cocaine. See id. Finally, Hammonds admitted he purchased the recovered oxycodone pills and hydrocodone pills from an associate. See id. After the interview, Hammonds consented to a search of his

5

cellphone. See id. at ¶ 11. Officers located a text message Hammonds sent to an associate asking if the associate would "front" Hammonds cocaine base. See id. On December 9, 2019, during transport to a court appearance, Hammonds made a spontaneous utterance that the cocaine base located in his genital area on December 6, 2019, was the same cocaine base referenced in the text message. See id. at ¶ 12. In sum, Hammonds is accountable for possessing two firearms, one of which was stolen, and multiple high-capacity magazines, as well as possessing and distributing 31.21 kilograms of cocaine, 32.24 kilograms of cocaine base, 1.37 grams of oxycodone, 10 milligrams of hydrocodone, and 9.88 grams of marijuana, which has a total converted drug weight of 179,444.41 kilograms. See id. at ¶ 13.

Hammonds's criminal behavior was nothing new. In 2007, Hammonds received a state felony conviction for being an accessory after the fact to second-degree murder. See id. at ¶ 18. For that offense, the state superior court imposed a sentence of 52 to 72 months' imprisonment. See id. While incarcerated, Hammonds incurred four infractions. See id. After his release, Hammonds was undeterred. In 2016, Hammonds received a state conviction for possessing drug paraphernalia. See id. at ¶ 19. In 2017, Hammonds received a state conviction for carrying a concealed weapon. See id. at ¶ 20. In 2017 and 2018, Hammonds received state convictions for possessing marijuana. See id. at ¶¶ 21–22.

Hammonds cites some positive steps he has taken while federally incarcerated, such as participating in programming, holding work assignments, and paying his special assessment. See [D.E. 115-2] 1; [D.E. 113] 1–9; [D.E. 115-3] 1–20; cf. Pepper, 562 U.S. at 491–92. Hammonds also emphasizes that he has not incurred any infractions while incarcerated, but the court expects the same from all inmates. See [D.E. 41-2] 1.

Hammonds asks the court to reduce his sentence from 48 months' concurrent imprisonment

6

on counts one and two to 43 months' imprisonment. See [D.E. 115] 1; [D.E. 115-2] 1. This court disagrees with the Commission's retroactive policy change concerning status points. See Spears v. United States, 555 U.S. 261, 264–66 (2009) (per curiam) (acknowledging that a district court may reject and vary categorically from the guidelines based on a policy disagreement with the guidelines); Kimbrough v. United States, 552 U.S. 85, 108–11 (2007) (same); United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir. 2012) (same). The policy change ignores how status points help promote respect for the law for every offender who commits a new crime while on supervision. In explaining its reasons for the Amendment, the Commission acknowledged that status points still serve multiple purposes of sentencing, including addressing the offender's lack of respect for the law. See U.S.S.G. supp. app. C, amend. 821, Reason for Amendment, 241 (explaining why the Commission retained status points for offenders in higher criminal history categories); U.S. Sent'g Comm'n Pub. Meeting Transcript, 27–28 (Aug. 24, 2023), https://www.ussc.gov/policy making/meetings-hearings (same). This court finds that status points serve an important purpose in promoting respect for the law for all offenders, not just offenders in higher criminal history categories. An offender who is on supervision when he commits a new crime shows even less respect for the law than an offender who is not on some form of supervision. A sentencing court may properly account for that difference in status in order to promote respect for the law under section 3553(a).

In any event, even if the court agreed with the Commission's new policy, the court would not reduce Hammonds's sentence. Hammonds is a committed drug dealer whose interactions with the state and federal criminal justice systems for his serious criminal behavior did not prevent escalating criminal behavior. Moreover, he received a sentence that is already below the new advisory guideline range.

The court has considered the entire record and all relevant policy statements. See Concepcion, 597 U.S. at 494–95 & n.4; Pepper, 562 U.S. at 490; Moody, 115 F.4th at 315–16; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 410–12; Martin, 916 F.3d at 398. The court has balanced Hammonds's rehabilitation efforts while federally incarcerated with his serious criminal conduct, his serious criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. See Concepcion, 597 U.S. at 496–502; Pepper, 562 U.S. at 480–81; Moody, 115 F.4th at 315–16; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Having considered the entire record, the section 3553(a) factors, the parties' arguments, and the need to punish Hammonds for his serious criminal behavior, to incapacitate Hammonds, to promote respect for the law, to deter others, and to protect society, the court denies Hammonds's motion for a sentence reduction. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Moody, 115 F.4th at 315–16; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020). Even if the court miscalculated the new advisory guideline range, the court would impose the same sentence as an alternative variant sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

III.

A court also may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has

8

determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); High, 997 F.3d at 185–86; Kibble, 992 F.3d at 330; United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza, 585 U.S. at 115–20; Pepper, 562 U.S. at 480–81; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Although a court considers

9

a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of their imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See id. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." Id. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

Hammonds seeks compassionate release under section 3582(c)(1)(A) and argues extraordinary and compelling circumstances exist because he is the only available caregiver for his grandmother who suffers from back injuries. See [D.E. 116] 5.

As for the "family circumstances" policy statement, section 1B1.13(b)(3)(D) designates

10

the incapacitation of a grandparent "when the defendant would be the only available caregiver" as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(D); see id. § 1B1.13(b)(3)(A)–(C). Hammonds contends that his grandmother is "in prot[e]ctive care" because "her son was abusing her," that no one else is fit to care for her, and that she is unable to care for herself because of back injuries. [D.E. 116] 5.

Hammonds fails to show that his grandmother is "incapacitated" under the policy statement. U.S.S.G. § 1B1.13(b)(3)(D); see United States v. Graham, No. 2:01-CR-10010, 2025 WL 2806818, at *1–2 (W.D. Va. Oct. 2, 2025) (unpublished); United States v. Tackett, No. 1:21-CR-15, 2024 WL 4973297, at *1 (W.D. Va. Dec. 4, 2024) (unpublished); United States v. Clack, No. 5:20-CR-543, 2024 WL 4954305, at *3 (E.D.N.C. Dec. 3, 2024) (unpublished); United States v. Roueche, No. CR07-344RSL, 2024 WL 4665568, at *4 (W.D. Wash. Nov. 4, 2024) (unpublished); Delavan v. United States, No. 4:18-CR-23, 2024 WL 2958956, at *4 (E.D. Va. June 12, 2024) (unpublished); United States v. Harris, No. 5:15-CR-111, 2021 WL 6052284, at *3 (E.D.N.C. Dec. 20, 2021) (unpublished), appeal dismissed, No. 22-6001, 2022 WL 18228332 (4th Cir. Apr. 13, 2022) (unpublished); United States v. Locklear, No. 7:17-CR-60, 2021 WL 5098691, at *4 (E.D.N.C. Nov. 2, 2021) (unpublished); United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021) (unpublished); United States v. Greene, No. 1:17-CR-12, 2020 WL 4475892, at *5 (D. Me. Aug. 4, 2020) (unpublished). Alternatively, Hammonds fails to show that he is presently "the only available caregiver" for his grandmother. U.S.S.G. § 1B1.13(b)(3)(D). Although his grandmother may have received inadequate care, Hammonds lists various other local family members and is not "the only available caregiver" for his grandmother. U.S.S.G. § 1B1.13(b)(3)(D); see [D.E. 116] 8 (naming sister, brother-in-law, two nieces, and nephew); United States v. Taylor, No. 3:08-CR-326, 2026 WL 313469, at *7–8

11

(E.D. Va. Feb. 5, 2026) (unpublished); Clack, 2024 WL 4954305, at *5; United States v. Gross, No. 1:17-CR-37, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024) (unpublished); United States v. Graff, No. 1:17-CR-20, 2024 WL 3912947, at *2 (W.D. Va. Aug. 23, 2024) (unpublished); United States v. Taylor, No. CR 06-699-3, 2024 WL 3594315, at *6 (D.N.J. July 31, 2024) (unpublished); Delavan, 2024 WL 2958956, at *4; United States v. Milchin, No. 17-284-1, 2023 WL 7544995, at *1 (E.D. Pa. Nov. 13, 2023) (unpublished); United States v. Conrad, No. 20-22, 2023 WL 7301225, at *2 (D. Mont. Nov. 6, 2023) (unpublished).

As for the "other reasons" policy statement, the court assumes without deciding that the grandmother's condition, the amount of time remaining on Hammonds's sentence, and Hammonds's post-sentencing conduct are together extraordinary and compelling reasons under section 3582(c)(1)(A). The section 3553(a) factors, however, counsel against reducing Hammonds's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Hammonds is 36 years old and is incarcerated for conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base (crack), possession with intent to distribute cocaine, oxycodone, and marijuana, and possession of a firearm in furtherance of a drug trafficking crime. See PSR ¶¶ 1–13. Hammonds engaged in prolonged, serious drug dealing from 2014 to 2019. See id. at ¶¶ 9–13. Hammonds also possessed multiple firearms in connection with his drug dealing. See id. at ¶¶ 9, 13. Hammonds conducted his armed drug dealing while living at his grandmother's home, where his uncle also resided. See id. at ¶ 33. Hammonds's criminal history demonstrates his contempt for the law. See id. at ¶¶ 18–23. Before his federal conviction, Hammonds's state convictions included being an accessory after the fact to second-degree murder, possessing drug paraphernalia, carrying a concealed weapon, possessing marijuana (two counts),

12

driving a vehicle in a park, and breaching the peace. See id. Hammonds performed poorly while incarcerated for his state convictions, incurring four infractions. See id. at ¶ 18.

The court has considered the entire record, the section 3553(a) factors, and the parties' arguments. The court has considered Hammonds's serious criminal conduct, his serious criminal history, and the need to punish Hammonds for his criminal behavior, to incapacitate Hammonds, to promote respect for the law, to deter others, and to protect society. In light of the entire record, the court exercises its discretion and denies Hammonds's motion for compassionate release. See, e.g., Concepcion, 597 U.S. at 498–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Moody, 115 F. 4th at 314–16; Smith, 75 F.4th at 464–66; Troy, 64 F.4th at 185; United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–53 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); Chambliss, 948 F.3d at 693–94; United States v. Taylor, No. 22-6795, 2022 WL 17819301, at *1 (4th Cir. Dec. 20, 2022) (per curiam) (unpublished); United States v. Taylor, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 112] and DENIES defendant's motion for compassionate release [D.E. 116].

13

SO ORDERED.  This __5__ day of March, 2026.



JAMES C. DEVER III
United States District Judge

14